**Jonathan A. Stieglitz, Esq.**
**(SBN 278028)**
**THE LAW OFFICES OF**
**JONATHAN A. STIEGLITZ**
**11845 W. Olympic Blvd., Ste. 800**
**Los Angeles, California 90064**
**Tel: (323) 979-2063**
**Fax: (323) 488-6748**
**Email:** jonathan.a.stieglitz@gmail.com
*Attorney for Plaintiff*

**Yitzchak Zelman, Esq.**
**MARCUS & ZELMAN, LLC**
**1500 Allaire Avenue, Suite 101**
**Ocean, New Jersey 07712**
**Tel: (732) 695-3282**
**Fax: (732) 298-6256**
**Email:** Yzelman@marcuszelman.com
*Attorney for Plaintiff*
*Pro Hac Vice Admission Pending*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| **ANDREA ROBINSON,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>**ARS NATIONAL SERVICES INC.**<br><br>Defendant. | Civil Case No.:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**and**<br>**JURY TRIAL DEMAND** |

**CIVIL ACTION COMPLAINT**

-1-

Plaintiff ANDREA ROBINSON (hereinafter, "Plaintiff"), a California resident, brings this class action complaint by and through the undersigned attorneys, against Defendant ARS NATIONAL SERVICES INC. ("Defendant" or "ARS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not

competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

## PARTIES

4. Plaintiff is a natural person and a resident of Alameda County in the State of California, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

5. Defendant is a collection agency with its registered agent located at Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

6. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector," as defined under the FDCPA under 15

U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to 28 USC §1331.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

10. Plaintiff brings this class action on behalf of a class of California consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

11. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

12. Plaintiff is seeking damages, and declaratory and injunctive relief.

## ALLEGATIONS OF FACTS

13. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

14. Some time prior to May 29, 2017, an obligation was allegedly incurred by the Plaintiff to Synchrony Bank on a JC Penney credit card.

15. The Synchrony Bank obligation arose out of a transaction in which money,

property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. Some time prior to May 29, 2017, the Synchrony obligation was sold or assigned to Crown Asset Management, LLC.

17. Crown Asset Management, LLC hired the Defendant to collect the alleged debt.

18. On or about May 29, 2017, Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged Crown Asset Management, LLC debt. *See* **Exhibit A.**

19. Upon information and belief, the May 29, 2017 letter was the first communication between Defendant and Plaintiff with regards to the alleged debt.

20. The May 29, 2017 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

21. The May 29, 2017 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

22. The May 29, 2017 letter provided Plaintiff with her validation rights, advising the Plaintiff that if she wanted validation of the debt or the name and address of the original creditor, she must request of the same from the Defendant.

23. The May 29, 2017 letter further states in part:

> "You may request records showing the following: (1) that Crown Asset Management, LLC has the right to seek collection of the debt; (2) the debt balance, including an explanation of any interest charges and additional fees; (3) the date of default or the date of the last payment; (4) the name of the charge-off creditor and the account number associated with the debt; (5) the name and last known address of the debtor as it appeared in the charge-off creditor's or debt buyer's records prior to the sale of the debt, as appropriate; and (6) the names of all persons or entities that have purchased the debt. You may also request from us a copy of the contract or other document evidencing your agreement to the debt. A request for these records may be addressed to:
> Crown Asset Management, LLC
> 3100 Breckinridge Blvd, Suite 725
> Duluth, GA 30096"

24. Plaintiff, as would any least sophisticated consumer, was now left unsure as to where she should be sending her validation requests; to the Defendant or to Crown Asset Management, LLC.

25. It is not enough for a debt collector to provide a consumer with a validation notice, a debt collector is also prohibited from making any communication that overshadows or is inconsistent with the validation notice. See 15 U.S.C. 1692g(b).

26. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991).

27. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

28. The rights afforded to consumers under Section 1692g(a) are amongst the most powerful protections provided by the FDCPA, in part because if a consumer properly asks for validation of the debt, a debt collector must cease collection efforts until they are able to properly validate the debt.

29. However, a consumer is only afforded those protections if he or she disputes directly with the debt collector, and not with the creditor to whom the alleged debt is owed to.

30. By providing language in the May 29, 2017 letter that overshadows and/or is inconsistent with the validation notice, the Defendant caused the Plaintiff a risk of real harm, in that the Plaintiff may believe her legally effective dispute could be sent directly to Crown Asset Management, LLC.

31. An inadequate section 1692g notice deprives consumer of their right to basic information required under the FDCPA.

32. By failing to provide the adequate validation notice as required by the FDCPA, the Defendants harmed the Plaintiff.

## CLASS ALLEGATIONS

33. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

   All consumers with addresses in the State of California (a) who were sent an initial collection letter containing a 30-day Validation Notice from Defendant (b) attempting to collect a debt or alleged debt owed to Crown Asset Management, LLC (c) that stated "You may request records showing the following: (1) that Crown Asset Management, LLC has the right to seek collection of the debt; (2) the debt balance, including an explanation of any interest charges and additional fees; (3) the date of default or the date of the last payment; (4) the name of the charge-off creditor and the account number associated with the debt; (5) the name and last known address of the debtor as it appeared in the charge-off creditor's or debt buyer's records prior to the sale of the debt, as appropriate; and (6) the names of all persons or entities that have purchased the debt. You may also request from us a copy of the contract or other document evidencing your agreement to the debt. A request for these records may be addressed to: Crown Asset Management, LLC 3100 Breckinridge Blvd, Suite 725 Duluth, GA 30096" (d) which was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

34. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

35. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to

this action and all members of their immediate families.

36. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibits A*, violate 15 U.S.C. §§ 1692e and 1692g.

37. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

38. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

39. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well- defined community interest in the litigation:

   a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions

predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e and 1692g.

c. **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

40. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

41. Depending on the outcome of further investigation and discovery, Plaintiffs

may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

# COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above with the same force and effect as if the same were set forth at length herein.

43. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. Under 15 U.S.C. § 1692e(10), a debt collector may not use any false representation or deceptive means to collect a debt.

45. Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10) by falsely implying in its Collection Letter that the Plaintiff could request validation of her debt directly with the creditor of her debt, rather than the Defendant.

46. By reason thereof, Defendants is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

49. Under 1692g, a debt a collector must send a consumer written validation notice in a clear and unambiguous manner, which cannot be contradicted or overshadowed by other language in the communication.

50. The Defendants violated said sections by using communication that overshadows or is inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor in violation of 15 U.S.C. 1692g(b).

51. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

52. Plaintiff hereby respectfully requests a trial by jury for all claims and issues

in its Complaint to which it is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the undersigned attorneys, as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:   October 9, 2017

/s/ Jonathan A. Stieglitz
JONATHAN A. STIEGLITZ
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Ste. 800
Los Angeles, California 90064
Telephone: (323) 979-2063
Facsimile: (323) 488-6748

/s/ Yitzchak Zelman

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Yitzchak Zelman, Esq.,
*Admitted Pro Hac Vice*
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone:     (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com
Attorneys for Plaintiff