UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA ROBINSON,<br><br>        Plaintiff,<br><br>    v.<br><br>ARS NATIONAL SERVICES INC.,<br><br>        Defendant. | Case No. 17-cv-05820-VC<br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION AND STRIKE CLASS ALLEGATIONS**<br><br>Re: Dkt. No. 15 |

      The defendant's motion to compel arbitration and to strike the class allegations is denied, because the defendant has not even come close to providing the Court with the information it needs to adjudicate the motion.

      ARS has failed to adequately explain what law governs the enforceability of the arbitration agreement. It has not demonstrated that it, as a non-signatory to the original agreement, can invoke the choice-of-law provision in the agreement. *See In re Henson*, 869 F.3d 1052, 1059 (9th Cir. 2017); *see also Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014); *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1165 (9th Cir. 1996). It has not explained how, if Utah law applies to the court's decision about the enforceability of the arbitration agreement, it can compel arbitration under Utah law. *See Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1294-98 (10th Cir. 2017); *Ellsworth v. Am. Arbitration Ass'n*, 148 P.3d 983, 989-90 (Utah 2006); *Fericks v. Lucy Ann Soffe Tr.*, 100 P.3d 1200, 1205-06 (Utah 2004). It has not explained which state's law applies if Utah's does not. *See Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013); *Chan v. Soc'y Expeditions, Inc.*, 123 F.3d 1287, 1297 (9th Cir. 1997); *Restatement (Second) Conflicts of Laws* §§ 187-88 (1988). It has failed to explain

whether and how the law governing these questions affects ARS's authority to enforce the class action waiver.

In addition, to the extent that the Collection Services Agreement between Crown Asset Management and ARS is relevant to demonstrating whether ARS is an assignee and/or agent of Crown, ARS has not submitted the Collection Services Agreement to the Court.  One of ARS's supporting declarations states that the Collection Services Agreement cannot be publicly filed.  *See* Dkt. No. 20.  Assuming for the sake of argument that this is true, it would not prevent ARS from filing the document (or portions of it) under seal, so long as ARS can comply with Civil Local Rule 79-5 and satisfy the sealing standard discussed in Paragraph 21 of this Court's Civil Standing Order and the case law cited therein.

Therefore, ARS's motion to strike the class allegations and compel arbitration is denied.[1]  The Court is not required to sift through ARS's incompetent filings to determine, with no help from ARS, which law applies to the motion and whether ARS is entitled to compel arbitration under that law.  If ARS wishes to file a renewed motion to compel arbitration, its counsel is warned that any additional waste of the Court's time with such an incomplete motion will result in sanctions.

Meanwhile, at the case management conference on January 9, 2018, the parties must be prepared to adopt a full litigation schedule for the adjudication of this case, and the proposed schedule (or competing proposed schedules) should be included in the joint case management statement, which will be due January 5, 2018.

**IT IS SO ORDERED.**

Dated: January 4, 2018

VINCE CHHABRIA
United States District Judge

---

[1] The plaintiff's non-acceptance of ARS's Rule 68 offer did not moot her claims, as the Supreme Court's decision in *Campbell-Ewald v. Gomez* makes clear.  *See* 136 S. Ct. 663, 669-72 (2016).